# LOUIS R. AIDALA

**Attorney at Law**
**597 Fifth Avenue**
**New York, NY 10017**

Ph: (212) 750 9700                                                                    Fax:  (212) 750 8297

*Via fax and ECF*

January 9, 2008

Hon. Harold Baer, USDJ
United States Courthouse
500 Pearl St.
New York, NY 10007

                                       Re: USA v. Bryant De Los Santos
                                            # 07 Cr. 699 (HB)

Dear Judge Baer:

      This letter motion is respectfully submitted to request reconsideration of the Court's decision denying defendant's motion to suppress his statements, based on lack of probable cause to arrest. Defendant respectfully submits that certain errors in the Court's factual assertions and legal conclusions require reconsideration of the decision.

A.  Factual Background

      Initially, in setting forth the "factual" background, the Court cited the allegations in the Complaint, as well as some passages from the government's letter in opposition to defendant's motion, and a transcript of a tape recorded conversation. (Order and Opinion, pp 2- 3). As defendant pointed out in his November 21, 2007 letter to the Court, however, there was no direct testimony at the hearing to support or elaborate on the relevant allegations in the Complaint, and none of it could be subject to the test of cross examination. The Complaint itself is, of course, not evidence, nor is the government's letter in opposition or the transcript of the tape recorded conversation (which was not presented at the hearing). None of these should be relied upon to establish probable cause to arrest.

      Moreover, some of the allegations in the government's letter in opposition, *e.g.,* the claim that the Range Rover in which defendant was a passenger followed the UC's and the co-defendants' vehicle "for several blocks", were not even stated in the complaint. Rather, the government embellished the allegations in the Complaint and the Court inexplicably adopted the government's unproven assertions. Simply put, the government totally failed to meet its burden of going forward

with evidence to prove that the agents had probable cause to arrest defendant, and subsequently interrogate him hours later. (See, Defendant's letter, Nov.21, 2007, p.2, ¶ 1-3).

B. The Probable Cause Issue

Defendant's main contention in his initial motion was that no probable cause existed for his arrest and that all evidence obtained as a result of the unlawful arrest must be suppressed. Defendant respectfully submits that several significant matters were overlooked or mis-perceived in the Court's determination that probable cause existed for his arrest.

First, the Court erroneously relies on the fact that an Indictment was handed down to support the existence of probable cause to arrest. It states: "because an Indictment was returned by a properly constituted Grand Jury, probable cause is conclusively presumed"...."It is well settled that an 'indictment, "fair on its face" and "returned by a properly constituted grand jury", conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry'. (internal citation omitted). "Defendants have not raised any facts alleging defects on the face of the indictment or impropriety in the Grand Jury". (Opinion and Order, p.7, ¶ 1 and 2).

All of the foregoing is a non-issue, for the arrest in the instant case took place <u>before</u> the issuance of the Indictment, and said arrest was clearly not based on an Indictment or any evidence presented to a Grand Jury. Because the arrest in this case <u>preceded</u> the Grand Jury proceedings, the Indictment is irrelevant to the issue of probable cause to arrest and cannot legally be used to support the existence of same. The entire argument regarding the Grand Jury and the Indictment is misplaced in this instance.

Moreover, in this case it is a virtual certainty that the Grand Jury was presented with defendant's <u>post-arrest</u> statement, which was more than likely the single factor which led to his indictment. The statement, of course, did not exist at the time of the arrest, and but for the illegal arrest, would never have existed. The information contained in defendant's statement was not known to the arresting officers at the time of the arrest. Indeed, if, as it appears the sole basis for his Indictment was defendant's post arrest incriminating statement, the suppression of said statement should result in the dismissal of the Indictment.

Secondly, the Opinion then states that "the Complaint shows and the moving papers fail to refute the existence of probable cause". (*Id., ¶* 3). This statement, however, overlooks the fact that once the issue is raised by defendant, the Government has the burden of going forward with the proof. <u>United States v. Amento</u>, 1987 US Dist. Lexis 10108, at p.9 (SDNY). That did not occur in the instant case, for as previously pointed out by defendant, the government presented no evidence at the hearing regarding the events leading up to defendant's arrest. (See, D's Post Hearing Let., Nov. 21, 2007, p.2, ¶ 2). The Complaint may not be relied upon to establish the necessary probable cause to arrest, particularly where, as here, the single government witness did not even testify to the allegations set forth in the Complaint and could not be cross examined on same.

Third, the decision then sets forth a series of "facts" from the Complaint which purportedly

demonstrate that there was sufficient information on which to base the arrest. Once again, however, the Complaint is not evidence and there was no hearing testimony as to the allegations which the Court adopted. The Court adopts the government's erroneous position that, in effect, once an Indictment is issued there cannot be a suppression of evidence for trial purposes based on the wrongful arrest and therefore improper subsequent interrogation of a defendant.

Further regarding the "reliability" of the Complaint, the Court should be aware of a glaring inconsistency between the allegations in the Complaint and the government's own evidence, which just came to defense counsel's attention with the filing of the government's *in limine* motions.

The government's Bruton motion included a transcript of the post arrest statement of co-defendant Demi Abraham. In the statement, Abraham mentions that De Los Santos told him about "a scheme", however, he insists that de los Santos did not elaborate on the scheme and that de los Santos himself did not even know what the scheme was about. (See, Exh. C, to Government's Bruton motion, pp. 3, 6). On page 6, the questioning was as follows:

> "SHANHAI: ....So, did Bryant at any time tell you what this was going to be for?
>
> ABRAHIM: No, no. Not at all.
>
> SHANHAI: So he just indicated to you that it was going to be (*sic*) scheme.
>
> ABRAHIM: A scheme, 'cause he didn't really know either, you know what I'm saying..."

In direct contradiction to the transcript of Abraham's statement, however, the Complaint states that Abraham told police that de Los Santos told him about a planned robbery of 25-30 kilograms of cocaine. It alleges:

> "He stated, in substance and in part, that BRYANT DE LOS SANTOS, the defendant, contacted him on June 26, 2007, and asked him if he wanted to participate in a robbery of 25-30 kilograms of cocaine, and ABRAHIM agreed to participate in the robbery." (Complaint, ¶ 14).

This allegation in the Complaint is patently false, for nowhere in the transcript of Abrahim's statement did he mention that De Los Santos told him there was to be a *robbery of 25-30 kilograms of cocaine*. This underscores defendant's position that the Complaint may not, in any case, be considered evidence, and in the instant case, should, in the very least, be rejected in its entirety as unreliable.

Fourth, the decision at one point stated that the Range Rover (in which defendant was a passenger) followed the UC and the co-defendants "for several blocks" to the storage facility. (Opinion and Order, p. 8, ¶ 3). As defendant previously pointed out, however, the Complaint does not state that the vehicles drove "for several blocks". (D's Let., p. 1, ¶ 3, p.2, ¶1). Rather, that was the unsupported claim of the government, made in its letter in opposition to defendant's motion --

which was adopted in the decision.

Fifth, the decision states that "because the UC was led to believe that other individuals would be joining" the co-defendants and "observed a car following them to the meeting site, probable cause existed". These statements, however, are double hearsay, and not only did the UC not testify at the hearing, but he also did not swear to the Complaint. Thus, this information cannot be relied upon to establish probable cause to arrest.

Sixth, the decision states that "Defendants argue that the storage facility was located in a 'heavily trafficked area...open for business' where cars would normally be expected to drive by or park...But Defendants fail to show that any other cars were driving in the area or parked near the facility". (Opinion, p.9, ¶ 1). This, however, improperly shifts the burden of proof from the prosecution to the defendant. Clearly, once defendant brought out that the facility was in a heavily trafficked area, it was up to the prosecution to come forward with evidence that no other cars were in the area, not the converse. And in fact, the government never attempted to claim that it was a deserted area.

Finally, the decision does not even address possibly the most significant evidence that no probable cause existed for the arrest, *i.e.,* the fact that two of the four men from the Range Rover who did not make self-incriminating post arrest statements to the police were released that same night. Defendant and the co-defendant Demi Abrahim, each of whom made an incriminating statement, were kept in custody and charged. That is *prima facie* proof that it was the post arrest statement of the defendant alone that established probable cause for his arrest, and not the events that preceded it. Yet the decision does not even address this important point.

The decision further did not address the fact that what was observed about the Range Rover - *i.e.,* simply driving from one location to another and parking - was just as consistent with legitimate conduct as with criminal activity. As such, probable cause was lacking. (See, D's Let., p.2, last ¶).

For all of the foregoing reasons, the decision denying defendant's probable cause motion should be reversed.

C.  The Miranda Issue

As previously stated, the basis for defendant's motion to suppress his statements (and other physical evidence), as set forth in his motion papers, was the lack of probable cause to arrest him, and not, as the Decision asserts, due to deficiencies in the Miranda warnings. While certain issues regarding the questioning and the form of the waiver were raised following the hearing, they were based on testimony regarding the questioning that was presented at the hearing, for example, the time lapse between the advise of rights and the statement. Defendant further alleged that the prior questioning by Det. Shanhai, before actually recording defendant's ultimate statement, was in effect, a "dress rehearsal" conducted to ensure that defendant ultimately said what the officers wanted to have recorded. This issue, however, was not addressed in the decision.

Further, the defendant did not claim, as the decision states, that he was questioned prior to being given his Miranda warnings. His affidavit did not allege a particular sequence to the questioning and waiver, and in fact, the issue was not briefed at all in defendant's initial motion papers. Defendant's later argument regarding the waiver was that the form itself was defective, and as stated above, subsequent issues were raised based on the hearing testimony.

Wherefore, because of the factual and legal inaccuracies in the decision, it is respectfully submitted that the denial of defendant's motion should be reconsidered and the motion to suppress the use of statements and physical evidence, such as defendant's cell phone and anything else seized at the time of his arrest, at trial, should be granted.

       Respectfully,

       Louis R. Aidala
       Attorney for Bryant de Los Santos

cc: Todd Blanche, AUSA
    All counsel - via ECF