# LOUIS R. AIDALA
**Attorney at Law**
**597 Fifth Avenue**
**New York, NY 10017**

Ph: (212) 750 9700                                                                                   Fax:   (212) 750 8297

*Via fax and ECF*

January 9, 2008

Hon. Harold Baer, USDJ
United States Courthouse
500 Pearl St.
New York, NY 10007

                                                                    Re: USA v. Bryant De Los Santos
                                                                           # 07 Cr. 699 (HB)

Dear Judge Baer:

     This letter memorandum is submitted in opposition to the government's proposed introduction, pursuant to Fed. R. Evid 404(b), of prior bad acts allegedly committed by defendant Bryant De Los Santos.

A.  Facts

     In its January 3, 2008 letter to the Court, the government states that the two cooperating defendants, Jose Cirrasquillo, *aka* Tio, *aka* Jacinta de la Cruz, and Lorenzo Rodriguez, *aka* Flaco, are each expected to testify to prior robberies or attempted robberies of drug dealers by De Los Santos. The government claims that this testimony is admissible to 1) explain the development of the illegal relationship among De Los Santos and his co-conspirators, and 2) completes the story of the crimes charged in the Indictment. (Govt. Let, p. 6, ¶ 2).

     According to the government, Tio will testify that on one occasion, De Los Santos participated in a robbery of a drug dealer of at least one kilogram of cocaine. Tio is expected to testify that he "arranged with De Los Santos and one other individual to meet the drug dealer in an apartment building, purportedly to purchase the cocaine. At the prearranged time, De Los Santos and the other individual met the drug dealer, and, brandishing a firearm, robbed the drug dealer. De la Cruz will testify that, according to De Los Santos, as De Los Santos was leaving the area, someone from a higher floor of the apartment building shot at him. De Los Santos went directly to de la Cruz after this and reported what had happened. The cocaine was divided among De La Cruz, De Los Santos, and the third individual". (*Id.*, p. 6, ¶1).

As to Lorenzo Rodriguez, *aka* Flaco, the government states that "He will testify that on at least two other occasions, De Los Santos attempted to rob a drug dealer of cocaine. Similar to the robbery described above, De Los Santos was recruited by Rodriguez to rob the drug dealers. (*Id,* p. 6, ¶ 2).

This testimony should be precluded for several reasons. Initially, no details whatsoever are provided regarding the alleged robberies, or attempted robberies, *e.g.,* dates (either approximate or exact), locations (either exact addresses or even county or state), who allegedly brandished the firearm and the type of firearm, whether any charges were ever filed against any participant in said alleged robberies, or if any police reports exist. Further, the description of the testimony to be provided by Flaco is so sketchy that it borders on the ridiculous. It should be summarily rejected by the Court.

Even more importantly, it is clear from the government's description of the alleged events that neither Tio nor Flaco was present at any of the robberies which each purportedly arranged and which De Los Santos allegedly carried out. Thus it is merely hearsay and inadmissible.[1]

Further, and equally importantly, the government has furnished no information regarding the credibility of either witness or whether the reliability of any information provided by either one has been established in any way. As co-conspirators and co-defendants in this case, with a stake in the outcome of the case against De Los Santos, they have strong motivation to fabricate.

Moreover, while the government claims that the testimony will explain the development of the illegal relationship between the co-conspirators and show the "mutual trust De La Cruz and Rodriguez had in De Los Santos and why they recruited De Los Santos to participate in the charged robbery", (*Id.,* p. 6 ¶ 3), this argument is flawed, for there is nothing in the government's proffered information to establish any "mutual" relationship among De Los Santos, Tio and Flaco. Rather, the government has stated that the two witnesses are to testify about separate and independent alleged dealings with De Los Santos, and there is nothing to show that the three men ever acted together.

B.  Law

Under the inclusionary approach adopted by the Second Circuit, evidence of other crimes can be admissible at trial for purposes other than to demonstrate a defendant's criminal propensity. United States v. Ortiz, 857 F.2d 900, 903 (2d Cir. 1988), cert. denied 489 U.S. 1070, 109 S.Ct. 1352 (1989); cf. United States v. Traitz, 871 F.2d 368, 389 (3rd Cir. 1989), cert. denied 493 U.S. 821,110 S.Ct. 78 (1989). But an "inclusionary view of the rule regarding other crimes and similar acts

---

[1] It should also be noted that, aside from the fact that the alleged robbery victims were drug dealers, there is little similarity between the alleged prior robberies and the instant case.

evidence . . . is by no means [a] view that such evidence is either presumed relevant or automatically admissible." United States v. Halper, 422 F.2d 432 (2d Cir. 1978).

Accordingly, before prior-act evidence can be admitted, the trial court must fully weigh whether such evidence is, in fact, being advanced for a proper purpose, Huddleston v. United States, 485 U.S. 681, 691 (1988), and it must consider certain factors.

First, to be admissible, such evidence must be relevant to the case for which the defendant is on trial. As the Second Circuit noted in United States v. Ortiz, 857 F.2d at 903, "[t]he offered evidence must also be relevant, per Rules 401 and 402, to an issue in the case. . . .".  See also United States v. Tarricone, 996 F.2d 1414, 1421 (2d. Cir. 1993).

Defendant disputes the relevance of the alleged evidence because, as noted, there is little similarity between the alleged prior robberies and the manner in which the intended robbery in the instant case was to occur.  Here, the intended robbery was to be committed by Tio and Flaco, the two cooperating defendants, inside a storage facility. De Los Santos was nowhere near them and in fact, was seated in a car outside the facility with three other individuals. In contrast, the alleged prior robberies were purportedly committed by De Los Santos, with neither of the two cooperators present at the time.  The dissimilarities undercut any possible relevance.

Second, such evidence must be reliable. Thus, in determining its admissibility, the potential weakness and unreliability of proffered prior-act evidence must be evaluated by the court. "[T]he convincingness of the evidence that other crimes were committed is a factor that should be weighed in the decision to admit such evidence." United States v. Cole, 491 F.2d 1276, 1279 (4th Cir. 1974); see also United States v. Hernandez, 795 F.2d 1035, 1041 (4th Cir. 1992). In Huddleston, *supra*, the Supreme Court admonished that the Government may not "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo". 485 US at 686

It is submitted that based on its lack of reliability alone, the proffered evidence should be excluded, for as set forth above, the proposed testimony is completely devoid of any indicia of reliability.

Third, and equally significantly, prior-act evidence must be more probative than prejudicial within the framework of Fed. R. Evid. 403.  Thus, before admitting such evidence, the trial court is required to undertake a careful analysis regarding its prejudicial effect and whether it would outweigh its probative value. United States v. Mickens, 926 F.2d 1323, 1328 (2d Cir. 1991); United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992). To ensure that the assessment has been thorough, "[t]he trial judge has the responsibility for making sure that the record reflects the balancing of the considerations articulated in Rule 403." United States v. Foskey, 636 F.2d 517, 525, fn. 7 (D.C. Cir. 1980).

Upon such analysis, the Court should find that the proffered testimony is more prejudicial than probative and thus, should exclude it. While there are several valid bases for excluding the proffered evidence, defendant reiterates that the total lack of reliability of the evidence in itself

provides sufficient basis for its exclusion, and as such, the Court should not allow it to be admitted.

Finally, to the extent that the government claims the evidence is admissible to show absence of mistake, it would appropriately be admitted on rebuttal, and the determination of its admissibility on that basis should not occur until after - if and when - the defendant testifies.

For all of the foregoing reasons, the 404(b) evidence sought to be admitted by the government should be disallowed.

                                                Respectfully,

                                                Louis R. Aidala
                                                Attorney for Bryant De Los Santos

cc: Todd Blanche, AUSA
    All counsel, *via ECF*